UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re:<br><br>TIFFANY TANEESHA GRAYS<br><br>ID: xxx-xx-0590 | ) | Case No 25-14416-JGR<br>Chapter 7 |
| TIFFANY TANEESHA GRAYS<br>Plaintiff<br><br>v.<br><br>TSCHETTER SULZER MUCCIO, P.C.<br>Defendant | ) | Adversary Proceeding No:<br>26-01267-JGR |

## ANSWER

Defendant, Tschetter Sulzer Muccio, P.C., provides the following background.

Defendant represented the Plaintiff's Landlord in a County Court Eviction matter that sought possession for default of a residential lease agreement but not monetary damages. The matter was removed to District Court due to Plaintiffst's counterclaims. The debtor owed both pre- and post-petition rent at the time of the hearing on possession. During that hearing the Debtor notified the Court of the existence of a bankruptcy case where the Debtor obtained a discharge of debts. The District Court proceeded to a ruling in that case, finding that there was no attempt to pay post-petition amounts that were owed to the Landlord, and a judgment for possession was entered in favor of Plaintiff's Landlord. There was no attempt to collect pre-petition debt and therefore no violation of Bankruptcy law. Defendant, answers Plaintiff's complaint as follows:

1. Any allegation in Debtor's Complaint not specifically admitted is denied.

2. Defendant admits to 39, and 40 of Plaintiff's Complaint.

3. Defendant admits to paragraph 43 to the extent that Ms. Hannah Bevers and Mr. Victor Sulzer work at Tschetter Sulzer Muccio, P.C. All other allegations are denied.

3. To the extent that the following paragraphs 1, 2, 3, include an accurate statement of case law or the Code that is accurate that is acknowledged, any argument related to that law is disputed.

4. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 41, 42, 44 of Plaintiff's Complaint and therefore deny the same.

5. Defendant denies any and all allegations contained in the Claims for Relief.

6. Defendant denies any and all allegations contained in the Prayer for Relief.

AFFIRMATIVE DEFENSES

1. Defendant did not have any willful intent to violate the automatic stay. *See ç.* A willful violation is when the creditor knew of the automatic stay and intended that its actions would constitute the violation. *In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007).

2. Plaintiff's claims are limited to the Economic loss rule.

3. Plaintiff has failed to mitigate her damages, if any.

4. Plaintiff's damages, if any, should be offset for the time period in which Plaintiff resided in property without paying rent.

5. Plaintiff's damages, if any, should be offset for physical damage to the premises.

6. Defendant is not the real party in interest in this matter.

Respectfully submitted this 16th day of November 2026.

/s/ Emma B. Lor
Emma B. Lor, #46063